**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                No. 99-4192

WILLIAM KEITH PATTERSON,
Defendant-Appellant.

Appeal from the United States District Court
for the Western District of North Carolina, at Charlotte.
Graham C. Mullen, Chief District Judge.
(CR-96-154-MU)

Submitted: November 23, 1999

Decided: January 12, 2000

Before WILKINS, MOTZ, and TRAXLER, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Robert K. Trobich, Charlotte, North Carolina, for Appellant. Mark T.
Calloway, United States Attorney, Brian Lee Whisler, Assistant
United States Attorney, Charlotte, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

William Keith Patterson was convicted by a jury of conspiracy to possess with intent to distribute and distribute dilaudid, <u>see</u> 21 U.S.C. § 846 (1994), and sentenced to a term of 120 months imprisonment. He appeals his conviction and sentence, arguing that the indictment was obtained through inaccurate testimony before the grand jury, that the testimony of several co-conspirators should have been suppressed as obtained improperly in violation of 18 U.S.C.§ 201(c)(2) (1994), that without such testimony the evidence was insufficient to convict, that the sentencing scheme for dilaudid offenses set out in <u>U.S. Sentencing Guidelines Manual</u> § 2D1.1 (1998), violates due process, and that the district court clearly erred in finding that he had more than a minor role in the conspiracy. <u>See</u> USSG§ 3B1.2(b). We affirm.

A three-year investigation into dilaudid trafficking in western North Carolina resulted in the indictment of forty defendants for drug, firearms, and related offenses. Patterson was charged with one count of conspiracy. At Patterson's trial, the two leaders of the conspiracy and three other co-conspirators, all of whom had entered into plea agreements, testified about Patterson's involvement in the conspiracy. Patterson moved to dismiss the indictment, alleging that it had been obtained through incorrect testimony which substantially influenced the grand jury's decision, specifically, that the federal agent who testified before the grand jurors about all forty defendants failed to mention that in the only controlled buy made by an informant from Patterson, no dilaudid was delivered--the drugs turned out to be fake. Patterson also moved to suppress the testimony of all cooperating government witnesses who had plea agreements which offered immunity from prosecution or the possibility of substantial assistance departures, arguing that such agreements were prohibited by § 201(c)(2), of the federal bribery statute. The district court denied both motions, as well as Patterson's post-conviction motions for acquittal notwithstanding the verdict.

First, we find no error in the district court's decision not to dismiss the indictment. The district court has discretion to dismiss an indictment on the basis of an error in the grand jury proceedings when the

2

defendant shows that he has been prejudiced by the irregularity. See United States v. Brewer, 1 F.3d 1430, 1433 (4th Cir. 1993) (citing Bank of Nova Scotia v. United States, 487 U.S. 250, 254 (1988)). Patterson produced no evidence that the grand jurors were substantially influenced by the agent's failure to explain that the attempted ten-pill controlled buy from Patterson yielded only fake dilaudid. The grand jurors asked questions about how the investigators estimated the number of dilaudid pills attributed to each defendant, but the questions were general in nature and did not focus on Patterson. Moreover, the grand jurors did not indicate that they were willing to indict solely on evidence from controlled buys.

Next, we find no merit in Patterson's contention that the government violated 18 U.S.C. § 201(c)(2) by entering into plea agreements which offered the possibility of a substantial assistance departure in return for the cooperation of Summitt, Bumgarner, Somerset, and Dover. Section 201(c)(2) provides that "whoever" offers "anything of value" in return for testimony before a federal court should be fined or imprisoned. Patterson argues that "whoever" includes the government, that the testimony of his co-conspirators was thus illegally obtained, and that suppression of their testimony was the appropriate remedy. This Court recently rejected the same argument in United States v. Richardson, ___ F.3d ___, 1999 WL 686892, at *4 (4th Cir. Sept. 3, 1999). Patterson's related claim that the government's evidence was insufficient to convict because it depended entirely on the testimony of co-conspirators whose testimony should have been suppressed thus also fails.

Patterson challenges on due process grounds the Drug Equivalency Tables in Application Note 10 to USSG § 2D1.1. He contends that there is no rational basis for providing a higher offense level for dilaudid, a prescription drug, than for heroin. The Drug Equivalence Tables equate one gram of heroin to one kilogram of marijuana while one gram of dilaudid is equivalent to 2.5 kilograms of marijuana.

While no specific explanation for the distinction between dilaudid and heroin is given in the guideline or its commentary, Application Note 20 offers some insight into the rationale behind the Drug Equivalency Tables. It states:

3

> The base offense levels in § 2D1.1 are either provided directly by the Anti-Drug Abuse Act of 1986 or are proportional to the levels established by statute, and apply to all unlawful trafficking. Levels 32 and 26 are the distinctions provided by the Anti-Drug Abuse Act; however, further refinement of drug amounts is essential to provide a logical sentencing structure for drug offenses. To determine these finer distinctions, the Commission consulted numerous practitioners, including authorities at the Drug Enforcement Administration, chemists, attorneys, probation officers, and members of the Organized Crime Drug Enforcement Task Forces, who also advocate the necessity of these distinctions.

USSG § 2D1.1, comment. (n.20).

Patterson offered no specific evidence to the district court to support his contention that the Sentencing Commission's considered decision to treat dilaudid as it has is constitutionally flawed. Therefore, we find that the district court did not err in denying his motion for a finding of unconstitutionality.

Finally, we find that the district court did not clearly err in determining that Patterson was not less culpable than most other participants. See United States v. Withers, 100 F.3d 1142, 1147 (4th Cir. 1996) (standard of review). Application Note 3 to USSG § 3B1.2 defines a minor participant as one "who is less culpable than most other participants, but whose role could not be described as minimal." Patterson argues that his lesser culpability is shown by the lack of direct evidence of his involvement, apart from one controlled buy, during an investigation that went on for several years. However, the testimony of Patterson's coconspirators at trial established that he played a regular part in the conspiracy for several years.

Patterson suggests that the district court should have discredited this testimony because it found that the witnesses had inflated the amounts of dilaudid they bought from or sold to Patterson. However, the district court's determination that the witnesses were credible concerning the duration and extent of Patterson's involvement, apart from the numbers of pills he bought or sold, is an issue of credibility that

is not reviewable on appeal. <u>See United States v. Saunders</u>, 886 F.2d 56, 60 (4th Cir. 1989).

We therefore affirm the conviction and the sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

5